IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Shanda Harris,
    Plaintiff

v.                                        CASE NO 2:19-cv-00074

City of Pittsburgh, City of Pittsburgh
Police Department, George Satler,
William Mudron                **COMPLAINT**
    Defendants

**ELECTRONICALLY FILED**

FILED ON BEHALF OF:

PLAINTIFF

COUNSEL OF RECORD:

Jennifer O. Price, Esquire
PA. ID. No. 306382

Law Office of Jennifer O. Price
3950 William Penn Highway
Ste. 6
Murrysville, PA 15668
(724) 519-7587
(724) 519-7588 (facsimile)

jprice@jenniferpricelaw.com

**JURY TRIAL DEMANDED**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Shanda Harris,
    Plaintiff

v.                               CASE NO 2:19-cv-00074

City of Pittsburgh, PA , City of Pittsburgh
Police Department, George Satler,
William Mudron,
    Defendants

## **COMPLAINT IN CIVIL ACTION**

Plaintiff, Shanda Harris, respectfully, by and through her undersigned counsel, Law Office of Jennifer O. Price, hereby asserts the following Complaint in Civil Action against Defendants, City of Pittsburgh, Pennsylvania, City of Pittsburgh Police Department, George Satler, and William Mudron, and in support thereof states as follows:

## **INTRODUCTION**

1. This is an action at law to redress the deprivation under color of statute, custom or usage, of a right, privilege, and immunity secured to the Plaintiffs by the Fourth Amendment to the Constitution of the United States, 42 U.S.C. Section 1983, and the Common Law of Pennsylvania.

2. Plaintiff alleges that the search conducted at Plaintiff's place of business was based on a warrant issued without probable cause.

3. Plaintiff alleges that the Defendants' forceful entry into her place of business caused significant damage, leaving Plaintiff vulnerable to being the victim of future crimes.

4. Plaintiff alleges Defendants sought a search warrant to go on a fishing expedition to aid in helping them solve a crime, as opposed to searching for evidence of a crime.

5. Plaintiff further contends that the injures she suffered as a result of the aforementioned search were a direct result of an unlawful custom and practice maintained by the City of Pittsburgh Police Department which permitted or condoned such unlawful searches.

## **PARTIES AND JURISDICTION**

6. Shanda Harris (hereinafter referred to as "Plaintiff") is an adult individual, who resides in Pittsburgh, Pennsylvania, of Allegheny County, Pennsylvania.

7. Defendant, City of Pittsburgh, is a municipality within the Commonwealth of Pennsylvania and was the employer of certain other Defendants with business offices located at 414 Grant Street, Pittsburgh, PA 15219.  The City of Pittsburgh was responsible for the hiring, retention, training, supervision and discipline of subordinate officers including certain named Defendants herein.

8. Defendant, City of Pittsburgh Police Department, is an agency of the City of Pittsburgh, Pennsylvania and was the employer of the Defendant police officers hereto. The Defendant City of Pittsburgh Police Department was responsible for the hiring, retention, training, supervision, and discipline of subordinate officers, including the named Defendant police officers herein.

9. Defendant, George Satler (hereinafter referred to as "Satler"), is an adult individual who, at all times relevant to this Complaint, was employed as a detective for the City of Pittsburgh Police Department.  At all times material hereto, Detective Satler acted under color of law.  He is being sued in his individual capacity.

10. Defendant, William Mudron (hereinafter referred to as "Mudron"), is an adult individual who, at all times relevant to this Complaint, was employed as a detective for the City of Pittsburgh Police Department.  At all times material hereto, Detective Mudron acted under color of law.  He is being sued in his individual capacity.

## JURISDICTION AND VENUE

11. Federal District has jurisdiction over the claims asserted in this Complaint pursuant to the provisions of 28 U.S.C. Sections 1331, 1343, and 1367.

12. Pursuant to the provisions of 28 U.S.C. Section 1391, venue lies in the Federal District Court for the Western District of Pennsylvania.

## FACTUAL ALLEGATIONS

13. On or about December 29, 2017, a non-fatal shooting occurred in the City of Pittsburgh around the address, 2407 Wylie Avenue.

14. Pittsburgh police arrived on the scene and spoke to the alleged victim of the shooting.

15. Pittsburgh police investigated the scene and observed a camera on the rear wall of 2407 Wylie Avenue with black cable lines running inside the building.

16. Detective Mudron requested a search warrant to enter the premises of 2407 Wylie Avenue.

17. The building at address 2407 Wylie Avenue is owned by Plaintiff.

18. The affidavit included information about the non-fatal shooting that occurred and cameras that were observed on the building, with wires leading into the rear of 2407 Wylie Avenue.

19. The affidavit requested a search warrant for "video surveillance to include, but not limited to, the interior and exterior of the property listed at 2407 and 2409 Wylie Avenue, Pittsburgh PA 15219.  Any computer devices, hard drives or taping devices used to capture video surveillance between 12/28/2017 and 12/29/2017."

20. Nowhere did the affidavit note that the Plaintiff was a possible suspect in the non-fatal shooting being investigated.

21. Nowhere did the affidavit note that the building itself was the subject of any criminal activity.

22. The affidavit for the search warrant to enter the premises was signed on Saturday, December 30, 2017.

23. Detective Mudron approached the address on the same day and knocked on the door to announce his presence.

24. No one answered the door, at which point, Detective Mudron telephoned Plaintiff to inform her of the search warrant.

25. Plaintiff informed Detective Mudron she was out of town but would gladly allow him to enter the premises when she returned two days later on Monday, January 1, 2018.

26. Detective Mudron asked Plaintiff whether someone else in the area could allow him to enter, to which Plaintiff stated, no.  She was the only person with a key.

27. Detective Mudron stated if she did not open the door or have someone else open the door to allow him to enter, he would break the door down and enter the building.

28. He subsequently hung up the phone.

29. Plaintiff returned home two days later and observed that the back door to the building at 2407 Wylie Avenue was wide open and damaged.

30. The door leading to the kitchen was broken and damaged, and the door leading to the store office was broken and damaged.

31. Plaintiff's surveillance camera system was gone from the desk in her office.  A copy of the search warrant and an inventory receipt were left.

32. The receipt read that the contents taken included a black remote, black power cord, and the model number of the video surveillance system.

33. Police officers from the Police Department returned two and a half (2 1/2) weeks later to return the video surveillance system, which is permanently damaged.

34. To date, neither Plaintiff's back door nor office door close all the way and are damaged.

35. The back door to the building opens up to a back alley.

36. Since the search, a homicide has occurred on the same street as her business.

## COUNT I
## 42 U.S.C. SECTION 1983
## 4th Amendment Violation - Unlawful Seizure of Property

**Plaintiff v. Satler and Mudron**

37. The allegations set forth in Paragraphs 1 through 36 are hereby incorporated by reference as if more fully set forth herein.

38. At all times relevant to the allegations of this Complaint, Defendants Satler and Mudron, were acting under color of state law.

39. Plaintiff had a possessory interest in her surveillance video camera.

40. Through official coercion, Defendants seized Plaintiff's video camera, unreasonably, with an invalid warrant, and without a valid legal basis.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to enter judgment against Defendants together with costs, attorney's fees, compensatory and punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT II
## 42 U.S.C. SECTION 1983
## 4th Amendment Violation - Unlawful Search of Property

### Plaintiff v. Satler and Mudron

41. The allegations set forth in Paragraphs 1 through 40 are hereby incorporated by reference as if more fully set forth herein.

42. At all times relevant to the allegations of this Complaint, Defendants Satler and Mudron, were acting under color of state law.

43. Plaintiff is the owner of the real property subject to this complaint.

44. The affidavit tendered to the issuing judge did not set forth reasonable grounds to believe that any persons on the premises at the time were engaged in criminal activity.

45. The affidavit tendered to the issuing judge did not set forth reasonable grounds to believe that the building itself was dedicated to criminal activity.

46. The affidavit tendered to the issuing judge did not set forth reasonable grounds to believe that the owner of the premises, the Plaintiff, was connected to the aggravated assault being investigated or was engaged in any other criminal activity.

47. Defendants searched Plaintiff's premises, unreasonably, without a valid warrant, and without a valid legal basis.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to enter judgment against Defendants together with costs, attorney's fees, compensatory and punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT III
## 42 U.S.C. SECTION 1983
## 4th Amendment Violation - Unreasonable Entry of Property

### Plaintiff v. Satler and Mudron

48. The allegations set forth in Paragraphs 1 through 47 are hereby incorporated by reference as if more fully set forth herein.

49. At all times relevant to the allegations of this Complaint, Defendants Satler and Mudron, were acting under color of state law.

50. Plaintiff is the owner of the real property subject to this complaint.

51. Defendants called Plaintiff and were aware of her absence.

52. Based on a telephone conversation with Plaintiff, Defendants were aware that no one was in the building to open the door.

53. Defendants forcefully entered the property without a reasonable belief that the evidence would be destroyed or compromised if entry was delayed.

54. The forceful entry into Plaintiff's premises was unreasonable and violated the 4th Amendment of the U.S. Constitution.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to enter judgment against Defendants together with costs, attorney's fees, compensatory and punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT IV
## 42 U.S. SECTION 1983
## Violation of 4th Amendment - *Monell* Liability

**Plaintiff v. City of Pittsburgh and City of Pittsburgh Police Department**

55. The allegations set forth in Paragraphs 1 through 54 are hereby incorporated by reference as if more fully set forth herein.

56. Local government may be sued "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

57. Plaintiff's rights were violated by government actors.

58. Defendants have encouraged, tolerated, ratified and been deliberately indifferent to the following patterns, practices, and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

(a) applying for and executing search warrants;

(b) failing to identify and take remedial or disciplinary action against law enforcement officers;

(c) failing to train law enforcement officers on how to execute a search warrant;

(d) failing to create policies for law enforcement officers to establish procedures, directives, and instructions on appropriate interactions with the community under similar circumstances as presented.

WHEREFORE, Plaintiff, respectfully requests this Honorable Court to enter judgment against Defendants together with costs, attorney's fees, compensatory and punitive damages, and for any such other relief as the Court may deem appropriate.

## COUNT V
### Negligence for Damage to Personal Property
### (Pendant Jurisdiction)

**Plaintiff v. City of Pittsburgh Police Department**

59. The allegations set forth in Paragraphs 1 through 58 are hereby incorporated by reference as if more fully set forth herein.

60. Defendants, Mudron and Satler, owed Plaintiff a duty of care as the property owner of the video surveillance system.

61. Defendants, Mudron and Satler, breached that duty of care when they permanently damaged the property in an effort to retrieve footage.

62. The video surveillance system was under the care, custody and control of the Pittsburgh police officers, due to the search warrant.

63. Personal property that is damaged while under the care, custody, and control of government officials is subject to liability attributable to the governmental agency.

WHEREFORE, Plaintiff, hereby demands judgment against Defendants to include, but not be limited to compensatory damages, attorney's fees and costs of suit, and other relief as deemed appropriate by this Honorable Court.

## COUNT VI
## Negligence for Damage to Real Property
## (Pendant Jurisdiction)

**Plaintiff v. City of Pittsburgh Police Department**

64. The allegations set forth in Paragraphs 1 through 63 are hereby incorporated by reference as if more fully set forth herein.

65. Defendants, Mudron and Satler, owed Plaintiff a duty of care while searching Plaintiff's place of business.

66. Defendants, Mudron and Satler, breached that duty of care when they broke down doors in order to retrieve a video surveillance system.

67. Plaintiff's real property was damaged as a result of the breach of duty of care.

68. Plaintiff's real property was under the care, custody, and control of the Pittsburgh police officers as a result of the search warrant.

69. Real property that is damaged while under the care, custody, and control of governmental officials is subject to liability attributable to the governmental agency.

WHEREFORE, Plaintiff, hereby demands judgment against Defendants to include, but not be limited to compensatory damages, attorney's fees and costs of suit, and other relief as deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all causes of action and issues so triable.

Respectfully submitted,

The Law Office of Jennifer O. Price

DATE: 1/23/19                    By: _____
Jennifer O. Price, Esquire
Bar ID:  306382

Attorney for Plaintiff, Shanda Harris

Law Office of Jennifer O. Price
3950 William Penn Hwy., Suite 6
Murrysville, PA 15668
(724) 519-7587
jprice@jenniferpricelaw.com